Ward **BURNETT** et al., Appellants,

v.

Charles **MOTYKA**, Appellee.

No. 8763.

Court of Civil Appeals of Texas, Texarkana.

May 13, 1980.

Rehearing Denied June 10, 1980.

Lawrence L. Mealer, Dallas Legal Services Foundation, Inc., Dallas, for appellants.

Herbert Garon, Jr., Oster & Kaufman, Dallas, for appellee.

RAY, Justice.

This is a damage suit. Appellee (plaintiff), Charles Motyka, brought suit against appellants (defendants), Ward Burnett and his nineteen-year-old daughter Wanda Burnett, for recovery of damages to his house and garage which resulted from a car colliding with the house. Wanda Burnett was operating the motor vehicle prior to the collision. The case was tried to the court without a jury and judgment was rendered in favor of Charles Motyka for the stipulated damages of $3,566.86. No findings of fact or conclusions of law were requested or filed. The appellants submit four points of error for our consideration.

Ward Burnett claimed that at the time of the accident he was leasing the car from co-defendant, J & R Motors, against whom the Burnetts had filed a cross-claim. The trial court rendered a take nothing judgment against J & R Motors from which no appeal has been taken.

Wanda Burnett was the driver of the vehicle and it was alleged that she was negligent in failing to maintain proper control; failing to keep a proper lookout; failing to apply the brakes; and in driving at an unreasonably high rate of speed. Motyka also asserted that either Ward Burnett or J & R Motors was liable under a theory of negligent entrustment.

On the morning of July 29, 1977, Wanda Burnett had her father's permission to use the vehicle obtained from J & R Motors to pick up her mother from work and then go to school. Wanda testified that while backing the car out of the driveway at her father's house, she attempted to apply the brakes. Wanda insisted that she was pumping the brakes and denied that she was pushing on the accelerator. However, she also testified that "it seemed like when I pumped them the faster the car was going." Wanda stated that the car traveled out of the driveway; collided with a car parked on the other side of the street; continued up Motyka's driveway; collided with a portion of Motyka's garage and then suddenly veered into an alleyway separating Motyka's home from the house next door. At this point, Wanda jumped out of the car. She did not try to turn off the car's ignition. The vehicle proceeded down the alleyway into Motyka's backyard and eventually collided with the rear bedroom of his home.

Several times Wanda testified that she was going fast and that she had never traveled that fast while going in reverse. Motyka testified that he was awakened by a loud "earthquake" noise when the car collided with the wall of the master bedroom where he and his wife were sleeping. Appellee testified that moments after the accident Wanda told him that she had lost

control of the car while backing out of her driveway.

Appellants contend that the judgment should be reversed because there was no evidence or insufficient evidence to support the implied findings of the court as to Wanda's negligence and Ward's negligent entrustment.

It is a well settled rule in this State that in a non-jury trial where findings of fact and conclusions of law are not requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex. 1977); *Seaman v. Seaman*, 425 S.W.2d 339 (Tex. 1968). In determining whether there is any evidence to support the judgment and the implied findings of fact incident thereto, the appellate court can only consider that evidence that is favorable to the judgment and must disregard entirely that which is opposed to it. *Lassiter v. Bliss*, supra; *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950).

While Wanda Burnett was the only one to testify about the facts of the case, we have concluded that the trial court could have reasonably inferred from her testimony that Wanda failed to maintain proper control of the car; failed to make a proper application of the brakes or was otherwise negligent in driving at an unreasonable rate of speed, and that such negligence constituted a proximate cause of the damages to Motyka's dwelling.

The cause of action against Ward Burnett was for negligent entrustment. As a general rule, the following elements must be proven in order to establish the owner's liability or that of the person having the right of control over the vehicle under the doctrine of negligent entrustment:

(1) entrustment by the owner or the person having the right of control over the vehicle;

(2) negligence in entrustment to a driver whom the owner knows or reasonably should have known is a reckless or incompetent driver;

(3) negligence by the driver on the occasion in question; and,

(4) the driver's negligence was the proximate cause of the occurrence in question. *Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587 (1948); *McCarty v. Purser*, 379 S.W.2d 291 (Tex. 1964); *Hines v. Nelson*, 547 S.W.2d 378 (Tex.Civ.App. Tyler 1977, no writ).

An exception to the above mentioned general rule exists when the owner knowingly entrusts a defective vehicle to a driver and such negligence is a proximate cause of the injury to the complaining party. *Hanson v. Green*, 339 S.W.2d 381 (Tex. Civ.App. Texarkana 1960, writ ref'd); *Arias v. Aguilar*, 515 S.W.2d 313 (Tex.Civ.App. Corpus Christi 1974, no writ).

In the present case, Ward Burnett testified that he was aware of a problem with the car's accelerator. He testified that on a prior occasion while stepping on the accelerator it would "hang itself and I had to pull it up." Burnett stated that he was aware of the defect before the accident, but still allowed his daughter to drive the car. Wanda testified that she "mashed on the gas" and thereafter the car went faster even though she stated she pumped the brakes. This testimony was sufficient to hold Burnett liable for negligent entrustment in accordance with the rule pronounced in *Hanson v. Green*, supra, because the trial court could have inferred that the accelerator stuck in a depressed position.

The evidence viewed in its most favorable light was sufficient to support the trial court's judgment. The judgment of the trial court is affirmed.