Ward **BURNETT** et al., Petitioners,

v.

Charles **MOTYKA**, Respondent.

No. B–9623.

Supreme Court of Texas.

Nov. 5, 1980.

Lawrence L. Mealer, Dallas, for petitioners.

Herbert Garon, Jr., Dallas, for respondent.

PER CURIAM.

In a negligence suit, Charles Motyka sought to recover property damages against Ward Burnett and Wanda Burnett, his daughter. Damages were stipulated, leaving only the liability issue for trial. In a nonjury trial, judgment was rendered against the Burnetts. The Burnetts then appealed without requesting findings of fact or conclusions of law, challenging the factual and legal sufficiency of the evidence to support the trial court's judgment. The court of civil appeals affirmed. 599 S.W.2d 671. We reverse the judgment of the court of civil appeals and remand the cause to that court.

■ In a nonjury trial, where no findings of fact or conclusions of law are filed or requested, it will be implied that the trial court made all the necessary findings to support its judgment. *Goodyear Tire and Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916 (Tex.1978); *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1978). These implied findings may be challenged by "insufficient evidence" and "no evidence" points the same as jury findings and a trial court's findings of fact. In the court of civil appeals, the Burnetts sought to challenge the trial court's implied findings on both of these grounds. In purporting to resolve these points, the court stated:

> In determining whether there is any evidence to support the judgment and the implied findings of fact incident thereto, the appellate court can only consider that evidence that is favorable to the judgment and must disregard entirely that which is opposed to it.

599 S.W.2d at 673. It then proceeded by considering only that evidence favorable to the trial court's judgment. The court's opinion ended: "The evidence viewed in its most favorable light was sufficient to support the trial court's judgment. The judgment of the trial court is affirmed." *Id.* at 673.

■ We recognize that the above rule announced by the court of civil appeals is the correct rule to be applied to "no evidence" points. However, we have on numerous occasions held that a different rule must be applied to "insufficient evidence" points. In determining that question the court must consider and weigh all the evidence, including any evidence contrary to the trial court's judgment. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952); *Harrison v. Chesshir*, 159 Tex. 359, 320 S.W.2d 814 (1959); *Watson v. Prewitt*, 159 Tex. 305, 320 S.W.2d 815 (1959).

■ In this case, it is clear that the court of civil appeals, in applying only the no evidence rule, failed to consider and weigh all the evidence, thereby failing to properly rule on the Burnetts' "insufficient evidence" points. We conclude that this cause therefore must be remanded to that court for consideration of these points.

Pursuant to Rule 483, Texas Rules of Civil Procedure, the application for writ of error is granted, and without hearing oral argument, we reverse the judgment of the court of civil appeals and remand the cause to that court for a determination not inconsistent with this opinion.