**Judith DOUGLAS, Appellant,**

v.

**WEST ALABAMA, LTD., Appellee.**

**No. C14–86–330–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 4, 1986.

**737**

Greg Frazer, Houston, for appellant.

Patricia A. Wicoff, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

OPINION

DRAUGHN, Justice.

This appeal concerns damages awarded to a landlord against a defaulting tenant under a lease agreement. Appellee and landlord, West Alabama Ltd. sued appellant-tenant, Judith Douglas under the default clause of the lease, which made any recovery of future monthly rent damages contingent on the "fair market value of the leased premises." After a non-jury trial, the court impliedly found the rental property had no fair market rental value and, in accordance with the default clause, awarded landlord the full amount of the monthly rental that would have been due up to the time the property was re-let.

Tenant seeks reversal on the single point that there was no evidence to support the implied finding that the rental property had no fair market rental value during the concerned period and therefore, there was no basis for determining any future rental due under the lease. We reverse and render judgment as hereinafter set out.

Under the default clause of the lease appellee-landlord sued the tenant for delinquent rental fees at the time of default, future rental fees until the space was re-let, and attorneys fees. The court awarded damages for the past due rent at time of default and attorneys fees. No appeal was taken from these awards. The court's award of $2,580 as rental damages due for the remainder of the primary term until re-leasing is the focus of this appeal. The default clause in the lease applicable to these contested damages states that in the event of default by the tenant, the lessor is entitled to:

(iii) the balance of the rent for the remainder of the term less the fair market value of the Leased Premises for said period....

As a result of this clause the critical element of proof in this case became the fair market rental value of the leased premises up to the time it was leased again to a third party.

Appellant rented the concerned office space from the appellee for a three-year primary term from February 1984 to February 1987 at the monthly rental rate of two hundred and fifteen dollars ($215.00) per month; however, she failed to pay rent in either December 1984 or January 1985. Appellant terminated the lease and took possession in February 1985. The space was not re-let until February 1986. At trial, appellee argued that, because the space was not re-let until February 1986, it had no fair market rental value. When questioned about the fair market rental value of the space, Ms. Raborn, one of the general partners of West Alabama, Ltd. and the owner of a major portion of the building in which appellant rented space, testified as follows:

Q. Is $215 a month in your opinion the approximate market value of that space?

A. It was at that time. [the time the lease was signed—June 1984]

Q. What is it now, do you think?

A. I don't know. We have been unable to re-rent the space, and, in fact, we have had to break the wall down to try to lease the space.

Appellant argues that this testimony was insufficient to support the trial court's implied findings of fact that the space had no fair market rental value between February 1985 and February 1986. We agree.

██ If, in a non-jury trial, no findings of fact or conclusions of law are requested or filed, the appellate court will imply that the trial court made all the necessary findings to support its judgment. *Barnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980). However, these implied findings may be

challenged, just as jury findings or a trial court's findings may be challenged, on the grounds of insufficient evidence or no evidence. *Id.* When the challenge is based on a claim of no evidence, the appellate court can consider only the evidence favorable to the judgment. When the challenge is based on a claim of insufficient evidence, the appellate court must consider all the evidence—even evidence contrary to the judgment. *Id.*

Here, because appellant alleges that *no evidence* of fair market value was presented at trial, this court can only consider the evidence favorable to the judgment. The above referenced testimony is the only favorable evidence relied on by the trial court in arriving at its decision. Other witnesses were not called to give an opinion on the fair market rental value of the property. Appellant presented no reports of market value of rental property or surveys in this regard; nor did the witness, Ms. Raborn, give any opinion as to the fair market rental value of the premises. Rather, Ms. Raborn, who was qualified to testify to the fair market rental value of the property, simply testified that she did not know the value and that she was unable to re-rent the space. A space does not have a fair market value of zero merely because one is unable to sell or lease it. Such a conclusion might have been justified if she had testified that she could not re-let the space *at any price.* Because we find that the appellee failed to establish the fair market value as required by the remedies section of the lease, we reverse the judgment insofar as it awards the appellee damages for the balance of the rent for the remainder of the rental term, between February 1985 and February 1986 and render judgment that appellee take nothing in that regard.

Inasmuch as the remainder of the judgment entered in favor of the appellee is not challenged, we therefore further render judgment that appellee be awarded $473.00 for past due rental plus interest to time of trial plus $800.00 as attorney fees for a total amount of $1273.00 which sum shall bear interest at the rate of 10% per annum from March 25, 1986, the date of judgment in the court below.

The judgment is, accordingly, affirmed in part and reversed and rendered in part.