**FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant,**

v.

**TEXAS ELECTRIC SERVICE COMPANY, et al., Appellees.**

No. 08–86–00187–CV.

Court of Appeals of Texas, El Paso.

Dec. 31, 1986.

Richard H. Knuck, Midland, Royal Furgeson, Mark N. Osborn, Kemp, Smith, Duncan & Hammond, El Paso, for appellant.

S.G. Johndroe, III, James A. Riddell, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, Harris E. Kerr, William E. Ward, Morgan & Ward, P.C., Midland, for appellees.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from an award of $105,000.00 as compensation for 6.54 acres of a 120.8 acre tract of land which were taken under eminent domain. The entire amount was decreed to belong to the first lien holding mortgagee of the 120.8 acre tract, to the exclusion of the junior mortgagee. We affirm.

In October, 1981, the tract in question was sold to Milton L. Nickel and Henry Baumgartner by N.J. and Jo Nell Bell for $393,568.00. Of that amount, $236,434.00 was represented by a promissory note payable in annual installments of $31,653.50, including interest at 12% percent per annum, secured by vendor's and deed of trust liens. The deed of trust was properly filed of record on October 23, 1981. A second and subordinate deed of trust securing an indebtedness in favor of Federal Deposit Insurance Corporation was filed subsequently.

On April 2, 1985, the Special Commissioners' Award of $87,480.00 was paid into the registry of the court by the condemnor. On April 22, 1986, $105,000.00 was stipulated by all parties and the condemnor, Texas Electric Service Company, to be total damages for the condemned 6.54 acres. The court awarded the entire amount to the Bells.

Appellant FDIC argues that the "impairment of security" rule applies, i.e., upon partial taking, the mortgagee is entitled to receive only an amount from the condemnation award that will compensate him for the extent that his security was impaired. He cites *Buell Realty Note Collection Trust v. Central Oak Investment Co.*, 483 S.W.2d 24, 27 (Tex.Civ.App.—Dallas 1972), writ ref'd n.r.e., 486 S.W.2d 87 (Tex.1972). In the case at hand, the deed of trust securing the Bell note provided for a partial release of lien upon payment of $3,000.00 for any particular acre. Therefore, FDIC claims the total potential impairment of security could be no more than $3,000.00 times 6.54 acres, or $19,620.00.

The evidence disclosed that the total acreage had decreased and was decreasing in value, and that the remaining 114.26 acres of the tract were valued as low as $171,390.00 on April 22, 1986. The balance owed on the Bell note was $238,882.83 as of April 2, 1985. Quoting from *Buell*, supra, at 27:

Each case must be considered in the light of its own facts and surrounding circumstances. Whether the security has been or will be impaired or damaged is a fact issue to be resolved in each case by the triers of the facts, taking into consideration all the surrounding circumstances including, but not necessarily limited to, the fact question of whether after the taking or damage the value of the remaining property has (and probably will continue to have until the maturity of the secured debt) substantially the same ratio to the debt as the value of the mortgaged property bore to the debt at the time of its creation, or at least a value sufficiently in excess of the debt to give reasonable assurance that the debt will be paid at or before maturity.

There were no findings of fact or conclusions of law requested from the nonjury trial. Therefore, we must assume the trial judge found every issuable fact proposition necessary to sustain the judgment, if such fact proposition is raised by the pleadings and is supported by the evidence. The judgment of the trial court must be affirmed if it can be sustained on any reasonable theory supported by the evidence and authorized by law. *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.1980).

Therefore, we hold that the evidence supported the factual proposition that the value of the remaining property had less than a value sufficiently in excess of the debt to give reasonable assurance that the debt would be paid at or before maturity. The trial court's order of the entire amount to the Bells under the general rule of law of "first in time, first in right" as between mortgagees was proper. 55 Am.Jur.2d Mortgages, sec. 323 at 392 (1971); Tex.Bus. & Com.Code sec. 9.312(e)(1) (Vernon Supp. 1986); *Barr v. White Oak State Bank*, 677 S.W.2d 707, 710 (Tex.App.—Tyler 1984, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.