**CENTRAL TEXAS CATTLE COMPANY, Appellant,**

v.

**Harold McGINNESS, Tom Smith, Individually and d/b/a M & S Feeders; and Bob Cochran, Appellees.**

**No. 04–92–00067–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 25, 1992.

---

John M. Killian, Stephen C. Caspers, Killian, Caspers & Associates, San Antonio, for appellant.

Raul M. Calderon, Morales & Calderon, William R. Crow, Jr., Ball & Weed, P.C., Brennan T. Holland, Mark G. Sessions, Groce, Locke & Hebdon, San Antonio, for appellees.

Before BUTTS, PEEPLES and CARR, JJ.

## OPINION

BUTTS, Justice.

Appellant Central Texas Cattle Co. (Cattle Co.) appeals from orders of the trial court sustaining the special appearances of appellees Harold McGinness and Tom Smith, individually and d/b/a M & S Feeders, and Bob Cochran. Cattle Co. sued appellees and Linsey Eckert for breach of contract and conversion stemming from the sale of some cattle. Eckert entered a general appearance, but appellees challenged the court's exercise of *in personam* jurisdiction. *See* TEX.R.CIV.P. 120a. Cattle Co. raises one point of error, contending that the court erred in sustaining appellees' special appearances. We affirm.

Central Texas Cattle Co., a Texas corporation, was in the business of buying and selling cattle, and shipping cattle outside of Texas. Linsey Eckert, a Missouri resident, telephoned Cattle Co. and inquired about buying some cattle. Cattle Co. shipped eighty steers to Eckert in Missouri. The truck driver received a check for $45,679.54 and released the cattle. The check (which was drawn on a Missouri bank account) was returned unpaid due to insufficient funds. Appellees Harold McGinness and Tom Smith, Tennessee residents, obtained the cattle from Eckert and sold them to Bob Cochran, an Iowa resident.

A representative of Cattle Co. contacted McGinness and Smith and then went to Tennessee to try to identify the cattle, without success. McGinness or Smith later informed Cattle Co. that the cattle were in Cochran's possession in Iowa. After contacting Cochran, Cattle Co.'s representative went to Iowa to identify the cattle and obtain possession. The representative identified the cattle, but was informed that Cochran had purchased the cattle from Smith and would not relinquish them.

Eckert testified in deposition that he was in the business of buying and selling cattle. He had bought cattle from M & S Feeders (McGinness and Smith), and owed them some money. He stated that Smith and McGinness directed him to repay them by "buying" cattle from other sources, selling them, and giving M & S Feeders the proceeds. They sent an employee named Dennis Duncan to Missouri to keep an eye on Eckert and ensure that he repaid them. In regard to Cattle Co.'s cattle, Eckert testified that Smith and McGinness took possession of the cattle knowing that Eckert had not paid for them and did not have clear title to them. Eckert signed a statement written by Duncan saying that Eckert did own the cattle because he was afraid.

■ In its sole point of error, Cattle Co. contends that the court erred in sustaining appellees' special appearances. A Texas court may exercise jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction; and (2) the exercise of jurisdiction is consistent with federal and state constitutional guarantees of due process. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex.1990). Appellees, as nonresident defendants, had the burden of proof in the special appearance proceeding. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex.1985).

■ We note that no findings of fact or conclusions of law were requested or filed in this action. If no findings of fact and conclusions of law are filed or requested, it is presumed that the trial court made all necessary findings to support the judgment (or order of dismissal). *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980).

## I. TEXAS LONG–ARM STATUTE

The Texas long-arm statute provides:

In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:

(1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;

(2) commits a tort in whole or in part in this state; or

(3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

TEX.CIV.PRAC. & REM.CODE ANN. § 17.042 (Vernon 1986).

### 1. Appellee Bob Cochran.

■ Cattle Co.'s allegation against Cochran is simply that he maintained possession and asserted ownership of the subject cattle after Cattle Co. had identified them as belonging to Cattle Co. All contacts with Cochran were initiated by Cattle Co. and took place in Iowa. There is no allegation and no evidence that Eckert was Cochran's agent or employee or in any way acted on Cochran's behalf. Cochran's affidavit states generally, among other things, that he has never been in Texas, owns no property in Texas, has not committed any tort or wrong in Texas, has not engaged in business in Texas, has not entered into any contracts with a Texas resident, is not a party to any contract performable, in whole or in part, in Texas, has never recruited Texas residents for employment, has never solicited any business in Texas, and has never invoked the benefit or protection of the laws of Texas. Specifically, he states, among other things, that he did not buy or receive the subject cattle from Cattle Co. or Eckert, he has never transacted any business with Cattle Co., he never authorized Eckert, McGinness, Smith, or M & S. Feeders to act on his behalf, and all of his actions with regard to the cattle occurred outside of Texas.

Cochran has sustained his burden of establishing that he is not "doing business" in Texas and that the Texas long-arm statute does not authorize the exercise of personal jurisdiction over him. See Kawasaki Steel Corp. v. Middleton, 699 S.W.2d at 203.

### 2. Appellees Harold McGinness and Tom Smith, individually and d/b/a M & S Feeders.

■ Cattle Co.'s allegations against McGinness and Smith, individually and d/b/a M & S Feeders, are that they committed a tort in Texas by directing Eckert to obtain Cattle Co.'s cattle, sell them, and give McGinness and Smith the proceeds, knowing that Cattle Co. would not be paid for the cattle. McGinness and Smith, however, had no direct contact with Cattle Co. and engaged in no activities in Texas. Further, Smith and McGinness both deny that Eckert was their agent or was authorized to act for them or for M & S Feeders.

Tom Smith's affidavit states that he is not and has never been doing business in Texas, he has no contacts with this state, and Eckert was not authorized to act on his behalf. (Smith filed a similar affidavit on behalf of M & S Feeders.) In his individual affidavit, Smith specifically states that Eckert had purchased several loads of cattle from him with checks that later failed to clear the bank. Eckert admitted that he owed Smith money and, in partial repayment, offered Smith the subject cattle. Eckert represented to Smith that he owned the cattle, and signed a statement to that effect. There was no mention of Cattle Co. The cattle were delivered to Smith and taken directly for sale to Cochran in Iowa.

Harold McGinness's affidavit also states, in essence, that he has no contacts with Texas, he is not doing business here, and Eckert had no authority to act on his behalf. He states that he did not receive the subject cattle from Cattle Co., and that he has never transacted any business with Cattle Co.

McGinness and Smith, individually and d/b/a M & S Feeders, have sustained their burden of establishing that they are not "doing business" in Texas and that the Texas long-arm statute does not authorize the exercise of personal jurisdiction over them. See Kawasaki Steel Corp. v. Middleton, 699 S.W.2d at 203.

## II. DUE PROCESS

■ The federal constitutional test of due process requires that a plaintiff over-

come two hurdles to justify the exercise of jurisdiction over a nonresident defendant. *Schlobohm v. Schapiro,* 784 S.W.2d at 357. First, the plaintiff must show that the defendant has established minimum contacts with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Schlobohm,* 784 S.W.2d at 357. Second, he must show that the assertion of jurisdiction comports with fair play and substantial justice. *International Shoe Co.,* 326 U.S. at 316, 66 S.Ct. at 158; *Schlobohm,* 784 S.W.2d at 357. Under the first prong of the federal test, the defendant

> must do something purposeful to avail himself of the privilege of conducting activities in the forum, thus invoking the benefit and protection of its laws. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Those activities, whether they consist of direct acts within the forum or conduct outside the forum, must justify a conclusion that the defendant should reasonably anticipate being called into court there. *World–Wide Volkswagen,* 444 U.S. [286] at 297, 100 S.Ct. [559] at 567 [62 L.Ed.2d 490] [1980].

*Schlobohm,* 784 S.W.2d at 357.

◼ Texas has embraced these considerations in its own test of due process. The exercise of specific jurisdiction[1] by a Texas court requires that:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

(2) The cause of action must arise from, or be connected with, such act or transaction; and

(3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial jus-

tice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*Schlobohm v. Schapiro,* 784 S.W.2d at 358 (citing *O'Brien v. Lanpar Co.,* 399 S.W.2d 340, 342 (Tex.1966)); *accord Zac Smith & Co. v. Otis Elevator Co.,* 734 S.W.2d at 664.

◼ Cattle Co. asserts that the cause of action arose from Eckert's activities in Texas, which it attributes to appellees. Again, because there are no findings of fact and conclusions of law, we accept the statements contained in appellees' affidavits as supporting the orders of the court. *Roberson v. Robinson,* 768 S.W.2d at 281; *Burnett v. Motyka,* 610 S.W.2d at 736. The affidavits of Cochran, McGinness, and Smith negate any relationship with Eckert, any knowledge that a tort was being committed, and any involvement in that tort. These affidavits also establish that none of the appellees took any purposeful action to avail himself of the privilege of conducting activities in Texas. Appellees have affirmatively demonstrated a lack of minimum contacts with this state and that exercise of jurisdiction by Texas courts would not comport with fair play and substantial justice. The trial court properly sustained the special appearances.

For all the foregoing reasons, Cattle Co.'s sole point of error is overruled. The orders sustaining appellees' special appearances and dismissing the causes of action against them are affirmed.

---

**1.** Texas courts have specific jurisdiction over a defendant if his activities in Texas are isolated or disjointed, but the cause of action arises from those activities. *Schlobohm v. Schapiro,* 784 S.W.2d at 357; *see also Zac Smith & Co. v. Otis Elevator Co.,* 734 S.W.2d 662, 663 (Tex.1987), *cert. denied,* 484 U.S. 1063, 108 S.Ct. 1022, 98 L.Ed.2d 986 (1988). If a defendant's activities are continuing and systematic, then Texas may exercise general jurisdiction, without regard to whether the cause of action arose from defendant's acts in this state. *Schlobohm v. Schapiro,* 784 S.W.2d at 357; *see also Zac Smith & Co. v. Otis Elevator Co.,* 734 S.W.2d at 663. There is no allegation and no evidence in the present case that appellees' activities in Texas were continuing and systematic. Thus, we concern ourselves only with the exercise of specific jurisdiction.