Dullye v. Texas Trust 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00666-CV







Victor K. Dullye, Appellant



v.



Texas Trust Savings Bank, F.S.B., Appellee







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 9424, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING







PER CURIAM



 Appellant Victor Dullye appeals the trial court's judgment that he take nothing on
his counterclaim against appellee Texas Trust Savings Bank, F.S.B. Texas Trust sued Dullye on
two notes and Dullye counterclaimed, alleging that Texas Trust had committed a deceptive trade
act by suing him in Llano County. (1) Deceptive Trade Practices--Consumer Protection Act, Tex.
Bus. & Com. Code Ann. § 17.46(b)(22) (West Supp. 1995) (the Act). After striking Texas
Trust's pleadings as a discovery sanction, the court heard evidence on Dullye's counterclaim. 
Dullye appeals the judgment rendered against him by a single point of error. We will affirm the
trial court's judgment.

 Dullye asserts in his point of error that he proved as a matter of law that the notes
Texas Trust sued on were consumer notes. The Act makes it a deceptive trade act to file a suit,
based on a written contract signed by the defendant to pay money arising out of a consumer
transaction, in any county other than the county in which the defendant resides when the suit is
filed or in which the defendant signed the contract. (2) Id. To prevail on his counterclaim against
Texas Trust, Dullye had to prove both that (1) the notes arose out of consumer transactions and
(2) Texas Trust sued him in neither the county in which he then resided nor the county in which
he signed the notes. Id.

 Because the trial court did not file findings of fact and conclusions of law, we
assume in support of the judgment that the trial court failed to find that Dullye proved any element
of his counterclaim. Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980). To obtain a reversal
on appeal, Dullye must show that in the trial court he established every element as a matter of
law.

 Dullye argues under his point of error that the evidence establishes that he executed
the notes in Bexar County and that no evidence was produced that he ever resided in Llano
County, where Texas Trust filed suit. Assuming that the evidence established the notes' execution
in Bexar County, Dullye had the burden to prove in addition that he resided outside Llano County
when Texas Trust sued on the notes. Dullye adduced no evidence at trial showing where he
resided when Texas Trust filed suit. Because Dullye failed to prove this element of his
counterclaim, we overrule the point of error.

 We affirm the judgment of the trial court.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: March 8, 1995

Do Not Publish

1. Texas Trust initially sued Dullye separately on each note, but the two causes were
consolidated into one, numbered 9424, before trial.
2. Section 17.46(b)(22) further elaborates a consumer transaction as one "for goods, services,
loans, or extensions of credit intended primarily for personal, family, household, or agricultural
use." Act, § 17.46(b)(22) (West Supp. 1995).