Muilman v. Austin Paving Co 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00654-CV







Sara Muilman, Assignee, Appellant



v.



Austin Paving Company, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 94-03396, HONORABLE PETER M. LOWRY, JUDGE PRESIDING







PER CURIAM



 Appellant Sara Muilman, assignee, appeals the trial court's take-nothing judgment in her
suit for breach of contract against appellee Austin Paving Company. (1) We will affirm the judgment of the
trial court.

 Austin Paving, the general contractor on a highway project undertaken by the Texas
Department of Transportation, subcontracted with Muilman to install storm sewers. Because Muilman
allowed her insurance coverage to lapse in violation of the subcontract, Austin Paving terminated the
contract before Muilman had completed it. Austin Paving, as allowed by the subcontract, completed the
work Muilman had contracted to provide. 

 Muilman sued Austin Paving for breach of contract, alleging that she performed the
subcontract and was due $19,209.68 withheld as retainage. Austin Paving counterclaimed, asserting its
own action for breach of contract. The trial court, after a bench trial, awarded neither party recovery. 

 Although timely requested to do so, the trial court made no findings of fact or conclusions
of law. (2) See Tex. R. Civ. P. 296, 297. We therefore presume that the trial court found all facts necessary
to support its judgment, and we will affirm the judgment on any theory of law applicable to the case. 
Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980); Nikolai v. State, 922 S.W.2d 229, 239-40
(Tex. App.--Fort Worth 1996, no writ h.). On appeal, Muilman must attack the evidentiary support for
the trial court's implied findings. Burnett, 610 S.W.2d at 736. 

 In her first point of error, Muilman contends that the trial court erred in failing to award her
the retained funds of $19,209.68. Muilman claims that this amount consists of $14,188.82 being held
under the subcontract as general retainage and $5,020.86 being held to cover the claim of a specific
vendor, H & H.

 The subcontract between the parties provides that if Austin Paving completes the work for
Muilman, either Muilman must reimburse it for expenses that exceed the contract price or Austin Paving
must pay Muilman the amount by which its expenses undercut the contract price. If any subcontractor of
Muilman files a claim for nonpayment, the contract permits Austin Paving to pay the claimant and to charge
the payment against Muilman. The contract authorizes Austin Paving to offset against any sum due Muilman
the amount of any liquidated or unliquidated obligation Muilman owed Austin Paving on the subcontract. 
Further, the contract requires Muilman to pay liquidated damages of $630.00 for every working day past
one hundred that Muilman took to complete the contract.

 The parties adduced evidence at trial that Austin Paving incurred costs to complete the
contract above the contract price, that Muilman owed liquidated damages for exceeding one hundred
working days, and that several vendors of Muilman remained unpaid. Muilman maintained at trial that, after
accounting for completion costs, liquidated damages, and vendors' claims, the $19,206.68 that Austin
Paving had withheld should now be paid to her. In light of the evidence, however, the trial court's judgment
implies a failure to find that any retained money was left after deducting the costs to complete the contract,
liquidated damages, and amounts due Muilman's unpaid vendors. Further, implied findings arise that
maximize the amounts of excess completion costs, liquidated damages, and unpaid vendors' claims. See
6 Richard Orsinger, Texas Civil Practice § 18:13 at 405 (1992 ed.). Rather than challenging each of
these implied findings, Muilman argues only that Austin Paving failed to prove that its costs to complete the
contract were reasonable and necessary. 

 To prevail on her contract claim, however, Muilman bore the burden to prove what, if any,
completion costs were reasonable and necessary. Vance v. My Apartment Steak House of San Antonio,
Inc., 677 S.W.2d 480, 483 (Tex. 1984). We therefore restate Muilman's point of error to assert that she
proved her entitlement to the $19,209.68 either conclusively or by the great weight and preponderance of
the evidence. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).

 As mentioned, Muilman does not attack the evidence on liquidated damages and unpaid
vendors' claims. To recover, Muilman must necessarily establish that not only were completion costs equal
to or less than the contract price, but that the sum of completion costs, liquidated damages, and unpaid
vendors' claims was equal to or less than the contract price. Muilman occupies a position converse to that
of a defendant contesting a global damage award that is comprised of multiple elements: she must address
every element and show that the evidence established each in her favor. See Haryanto v. Saeed, 860
S.W.2d 913, 921-22 (Tex. App.--Houston [14th Dist.] 1993, writ denied); Greater Houston Transp.
Co. v. Zrubeck, 850 S.W.2d 579, 589 (Tex. App.--Corpus Christi 1993, writ denied); see also Thomas
v. Oldham, 895 S.W.2d 352, 360 (Tex. 1995) (defendant attacking global damage award consisting of
separate elements must argue that evidence, considered as a whole, is insufficient to support judgment). 
Isolating only one element does not establish, as a matter of law, the amount of the remaining elements such
that we might render judgment for Muilman. Redman Homes, Inc. v. Ivy, 920 S.W.2d 664, 669 (Tex.
1996). Likewise, even if the great weight of Muilman's evidence eliminated excess completion costs, we
could not find the amounts established for liquidated damages and vendors' claims. Because Muilman has
not shown that the trial court erred in failing to award her the funds retained under the contract, we overrule
point one.

 In her second point of error, Muilman asserts that the trial court erroneously failed to award
her attorney's fees for breach of contract. Because Muilman has not shown that she is entitled to recover
on the contract, we overrule her point concerning attorney's fees. See Tex. Civ. Prac. & Rem. Code §
38.001 (West 1986).

 We affirm the judgment of the trial court.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: November 6, 1996

Do Not Publish
1.   Muilman testified at trial that her assignor, Austin Kennaco, Inc., entered the contract with
Austin Paving. Austin Kennaco assigned its claim on the contract to Muilman some time after
work under the contract had begun. When referring to the contract, we will substitute Muilman's
name for Austin Kennaco's.
2.   Muilman does not complain on appeal of the court's failure to file findings and conclusions.



ilman must reimburse it for expenses that exceed the contract price or Austin Paving
must pay Muilman the amount by which its expenses undercut the contract price. If any subcontractor of
Muilman files a claim for nonpayment, the contract permits Austin Paving to pay the claimant and to charge
the payment against Muilman. The contract authorizes Austin Paving to offset against any sum due Muilman
the amount of any liquidated or unliquidated obligation Muilman owed Austin Paving on the subcontract. 
Further, the contract requires Muilman to pay liquidated damages of $630.00 for every working day past
one hundred that Muilman took to complete the contract.

 The parties adduced evidence at trial that Austin Paving incurred costs to complete the
contract above the contract price, that Muilman owed liquidated damages for exceeding one hundred
working days, and that several vendors of Muilman remained unpaid. Muilman maintained at trial that, after
accounting for completion costs, liquidated damages, and vendors' claims, the $19,206.68 that Austin
Paving had withheld should now be paid to her. In light of the evidence, however, the trial court's judgment
implies a failure to fin