NO. 07-01-0030-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 6, 2001

______________________________

BOB WEATHERLY, APPELLANT

V.

TERRY CANADA, APPELLEE

_________________________________

FROM THE 100
TH
 DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 6508; HONORABLE DAVID McCOY, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.  

Bob Weatherly, appellant, presents this appeal from a judgment rendered  following a bench trial that appellee Terry Canada recover a judgment against him in the amount of $31,101.86.  Presenting twelve issues, he contends that the trial court erred (1) in failing to find as a matter of law that he contracted with Canada to grind and deliver 4,000 tons of hay, (2) in failing to find the parties contracted because it was established by the great weight and preponderance of the evidence, (3) in failing to find as a matter of law that Canada breached their agreement, (4) in failing to find that Canada breached their agreement because breach was established by the great weight and preponderance of the evidence, (5) in failing to find as a matter of law that Weatherly was damaged by Canada’s breach in the amount of $46,701.98, (6) in failing to find that Weatherly was damaged in the amount of $46,701.98 because breach was established by the great weight and preponderance of the evidence, (7) in rendering judgment in the amount of $31,101.86 because there was no evidence in the record to support that amount, (8) because the judgment was not supported by the great weight and preponderance of the evidence, (9) in not finding that Weatherly was entitled to an off-set as a matter of law, (10) in not finding that he was entitled to an off-set because it was supported by the great weight and preponderance of the evidence, (11) because there is no evidence supporting the judgment, and (12) because the judgment is against the great weight and preponderance of the evidence.

Even though neither party favored this Court with a complete statement of facts,
(footnote: 1) the challenge to legal and factual sufficiency of the evidence requires that we review the entire record.  In the interest of justice, we have extracted the pertinent facts from our review of the reporter’s record.  This dispute arose after Weatherly agreed to supply 4,000 tons of hay to Heritage Feedyard in Wheeler, Texas.  Canada and Weatherly made an oral agreement whereby Canada agreed to grind and deliver a disputed amount of hay to the feedyard. Because Canada delivered only 1,556 tons of hay, Weatherly became responsible to Heritage for the cover costs on the remaining 2444 tons of hay he had agreed to supply at $90.00 per ton.  The agreement between the parties appears to have been that Weatherly would locate hay and Canada would then grind and deliver the hay.  By the agreement, the feedyard would pay $90.00 per ton, $20.00 payable to Canada for delivery and grinding, and $7.00 payable to Weatherly for locating the hay.  However, only 1,556 tons of hay were delivered and Weatherly was required to pay the feedyard’s cover costs for replacement hay up to the 4,000 tons required in their contract.  Canada then sued Weatherly for the $20.00 per ton on the 1,556 tons he ground and delivered.  Weatherly now appeals the judgment of the trial court granting Canada $31,101.86. 

By issues one, two, three, four, five, six, nine, and ten, Weatherly contends the trial court erred in finding or failing to find certain facts.  However, these issues present nothing for review because the request to the trial court for findings of fact and conclusions of law was not timely. Tex. R. Civ. P. 296, 297.  Accordingly, issues one, two, three, four, five, six, nine, and ten are overruled.

Before we address Weatherly’s remaining issues, we must first consider the appropriate standard of review of a judgment following a non-jury trial where the trial court did not make any findings of fact or conclusions of law and a reporter’s record has been provided.  In such a case, the appellate court presumes the trial court found all fact questions in support of its judgment and must affirm that judgment on any legal theory supported by the pleadings and evidence.  Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987).  Because a reporter’s record has been provided, the implied findings may be challenged for legal and factual insufficiency “the same as jury findings or a trial court’s findings of fact.”  Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). In that regard, when making a determination of legal sufficiency of the evidence, we will consider only the evidence most favorable to the implied factual findings and will disregard all opposing or contradictory evidence.  Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980).  In considering whether the evidence is factually sufficient to support the implied findings, we will consider and weigh all the evidence, including any evidence contrary to the trial court’s judgment.  
Id
.  

By issues seven, eight, eleven and twelve, whereby Weatherly contends that  there was no evidence to support the amount claimed by Canada,  the amount was against the great weight and preponderance of the evidence,  there was no evidence to support the judgment, and  the judgment was against the great weight and preponderance of the evidence.  We will consider these issues together.

Weatherly contends the record contains no evidence to support the trial court’s finding that he owed Canada $31,101.86.  However, Canada testified without objection that Weatherly owed him $31,101.86.  Disregarding all evidence to the contrary, 
Burnett
, 610 S.W.2d at 736, we conclude that the testimony of Canada is legally sufficient to sustain the amount of damages and the trial court’s judgment.

In considering the factual sufficiency of the evidence, unlike the review for legal sufficiency, we consider all of the evidence, including evidence contrary to the judgment.  
Id.  
Weatherly contends that the amount of the judgment and the judgment itself are against the great weight and preponderance of the evidence.  In the underlying case the court heard testimony from Canada and Weatherly on the issue of damages and liability.  The testimony of Canada established that Weatherly owed him $31,101.86.  We are not to reweigh the evidence and set aside the finding merely because we feel that a different result is more reasonable.  Pool v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986).  The trier of fact is the sole judge of the credibility of the witnesses and the weight given their testimony, Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547, 549 (1962), and in a non-jury trial, the trial court is the finder of fact and had the opportunity to hear the witnesses and to resolve conflicts and inconsistencies in the testimony.  Montgomery Ind. Sch. Dist. v. Davis, 34 S.W.3d 559, 567 (Tex. 2000).  Based on our review of the reporter’s record, we cannot say that the judgment in the amount of $31,101.86 is so against the great weight and preponderance of the evidence as to require a reversal. Issues seven, eight, eleven and twelve are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
Texas Rule of Appellate Procedure 38.1(f).