MATADOR SALES COMPANY, INC., Appellant,

v.

The WELLS COMPANIES, Appellee.

No. A2050.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 13, 1979.

Rehearing Denied July 11th, 1979.

John C. Marshall, Houston, for appellant.

Larry Huelbig, Houston, for appellee.

Before MILLER, PRESSLER and SALA-ZAR, JJ.

## SUBSTITUTE OPINION ON MOTIONS FOR REHEARING

SALAZAR, Justice.

After consideration of all parties' motions for rehearing, we withdraw the opinion we filed on May 16, 1979, in this case and substitute this opinion for it.

Appellant-plaintiff pursues this appeal from a take-nothing summary judgment rendered against it by the trial court on its action to recover ten percent (10%) of the price of an option exercised by appellee-defendant. The trial court held that appellant take nothing by way of its principal cause of action and was liable for $5,460.00, a sum equal to twice the amount of usurious interest charged on the invoice in which appellant billed appellee for the ten percent (10%) due, and reasonable attorneys' fees in the amount of $750.00.

In April, 1974, Baron H. Clements, Sr., now president of appellant, allegedly owned as an individual an oral option to purchase four compressors for the sum of $120,000.00. Appellee instead exercised the option to purchase these compressors for this price on May 3, 1974, but failed to pay Mr. Clements ten percent (10%) of the option or $12,-

000.00. On October 24, 1974, appellant was incorporated. Appellant then billed appellee for the $12,000.00 due plus interest at the rate of 1½% per month in an invoice dated August 22, 1975. Appellant proceeded to file suit to recover the $12,000.00 from appellee on November 20, 1975.

Appellee answered by asserting a defect in parties in that the purported oral agreement was between Mr. Clements as an individual and appellee, not between appellant and appellee and by asserting that appellant was not entitled to sue in the capacity in which it brought the lawsuit. Appellee later filed a counterclaim charging that the interest in the August 22, 1975, invoice was usurious and sought the statutory penalties of forfeiture of the principal sum due and twice the interest charged and reasonable attorneys' fees. Attached to its motion for summary judgment and supplemental motion for summary judgment both of which incorporated the pleadings, admissions and answers to interrogatories on file were three affidavits by employees of appellee denying any agreement to pay the interest on the August 22, 1975, invoice. Appellee set forth three grounds on which it felt entitled to summary judgment, namely: usury, defect in parties, and a statute of frauds defense alleging that the purported oral agreement the subject of the lawsuit involved a sale of goods over $500.00 and therefore was required to be in writing.

Appellant's response to the supplemental motion for summary judgment stated that all rights incident to the option and its exercise were assigned to the corporation, appellant herein. Attached thereto was an affidavit by Baron Clements, Jr., an officer of appellant, verifying that all rights flowing from this option and its exercise were assigned to appellant since the decision was made to incorporate the business.

■ Appellant raises two points of error; firstly, that the trial court erred in entering judgment on the main action in that no defect in parties or lack of capacity is demonstrated as a matter of law and the statute of frauds is not shown to preclude the principal lawsuit as a matter of law and

secondly, that the trial court erred in entering judgment on the cross action because usury is not demonstrated as a matter of law. After a thorough review of the record and briefs on appeal, we hold that the trial court committed fundamental error by rendering summary judgment as it did on appellee's counterclaim for usury and denying recovery by appellant on its principal action. Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon 1971) provides as follows:

"When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made."

There is no written contract evident in the record which is involved in this case. *See T. J. Service Company v. Major Energy Company, Inc.*, 552 S.W.2d 598 (Tex.Civ. App.—Corpus Christi 1977, writ ref'd n. r. e.). In dispute is an alleged oral agreement to pay a commission from appellee to appellant equal to ten percent (10%) of the purchase price effective upon appellee's purchase of four certain compressors of which the option to purchase was originally allegedly granted to appellant by the vendor. What appellant sent appellee dated August 22, 1975, was a mere invoice. Therefore, we do not regard such statute applicable in this case, there being no written contract in the record ascertaining the sum payable involved here nor did appellee agree in writing to pay interest to appellant. The usury penalty provisions in Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (Vernon 1971) have no application here.

■ Appellee's counterclaim for usury fails as a matter of law, appellee having failed to carry his burden of proof as to evidence of facts essential to recovery, i. e. pleading and proving a written contract, ascertaining the sum payable. *See Douthit v. McLeroy*, 539 S.W.2d 351 (Tex.1976). Likewise, summary judgment cannot stand in this case because a material fact issue

exists as to appellant's right to sue to recover the sum of $12,000.00 or ten percent (10%) of the purchase price based on an alleged assignment from Baron Clements, Sr. to appellant.

█ Appellee had maintained in its supplemental motion for summary judgment and in its brief that the affirmative defense of the statute of frauds precluded this cause of action as well. Appellee cited Tex.Bus. & Com.Code Ann. § 2.201 (Vernon 1968) as authority. We hold that Tex.Bus. & Com. Code § 2.201 (Vernon 1968) is inapplicable to the present case because the indebtedness the subject of this suit does not involve a contract for the sale of goods for the price of $500.00 or more.

Having reviewed the points of error presented by appellant and the response and authorities cited by appellee in its brief, we reverse and remand this case for a full trial on the merits.

Reversed and remanded.

PRESSLER, J., not participating.