**EL PASO ENVIRONMENTAL SYSTEMS, INC., Appellant,**

v.

**FILTRONICS, INCORPORATED, Appellee.**

**No. 6930.**

Court of Civil Appeals of Texas, El Paso.

Nov. 12, 1980.

Rehearing Denied Dec. 31, 1980.

Ainsa, Skipworth, Zavaleta & Butterworth, Robert A. Skipworth, Ratliff, Haynes & Stading, Chris Haynes, El Paso, for appellant.

Santiesteban, Kennedy & Martin, Robert E. Kennedy, Peter S. Peca, Jr., Miguel Solis, El Paso, for appellee.

Groce, Locke & Hebdon, William A. Jeffers, Jr., San Antonio, for amicus curiae, Groce, Locke & Hebdon.

---

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

A principal question presented by this appeal is the charging of interest on an open account, including the interest-free period specified in Article 5069–1.03, Tex.Rev. Civ.Stat.Ann. (1971). We reverse the trial Court's award of such interest.

Speaking of the parties as they appeared in the trial Court, Appellee as Plaintiff brought this suit for the sale price of goods sold and delivered to the Defendant. The trial Court, sitting without a jury, awarded Plaintiff judgment for its account in the amount of $31,840.00, interest on the account from June 1, 1976, until date of judgment in the amount of $11,065.16, and there was also an award for freight charges and for attorney's fees.

The account is based on materials delivered during the period April 22 to May 15, 1976, and is evidenced by four invoices. These invoices all provide: "Terms: Net 15 [Days]." Two of the four have the additional notation "Terms: Net 15 Days. All past due accounts will be charged 1% interest (12% annual) per month." The trial Court allowed interest at that rate beginning June 1, 1976, some fifteen days after the last delivery of material and invoice therefor.

Article 5069—1.03 has since been amended, but at the time applicable here it provided:

When no specific rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made.

Plaintiff's petition was in the form of a suit on a sworn account and as to interest it pled:

That there is a balance due and owing on said account in the sum of $33,940.23, plus interest at the rate of one (1%) percent per month commencing fifteen (15) days from the date of delivery of each of the items set out on Exhibit 'A', ...

The defendant answered with a sworn denial, and as to interest pled:

EPES denies that it is liable for any interest to FILTRONICS for the reason that it never agreed to pay any such interest as required by law and for the further reason that such interest is in the nature of pre-judgment interest which is not authorized.

By separate pleading, Defendant also specially excepted to the Plaintiff's petition on the grounds that it had not agreed in writing to pay interest:

[A]nd therefore according to Article 5069–1.03, V.A.C.S. the amount cannot bear interest except from the January 1 after the charge was made by EPES.

On appeal, Defendant's position is that this is a suit on an open account, controlled by the provisions of Article 5069—1.03 allowing interest only after the first day of January after the same is made. Plaintiff contends that it comes under the first portion of Article 5069—1.03 and that it has an agreement as to the rate of interest. We are of the opinion that, under Article 5069—1.03, the question is not whether there was some contract or agreement between Plaintiff and Defendant as to interest, but whether the claim is based on "a written contract." In this connection, we note that Plaintiff's pleadings do not specifically plead for coverage under Article 5069—1.03 or that their agreement was a written contract. By point of error, Defendant contends there is no evidence of a written contract.

■ The trial Court filed numerous findings of fact, among them being "Plaintiff's claim is for material furnished and is founded on a sworn account." Other findings support the conclusion that the cause of action is on an open account. "Plaintiff, at the special instance and request of the Defendant, caused certain goods and merchandise to be delivered to the Defendant." The Defendant received said goods and merchandise from the Plaintiff and used them, and "Plaintiff invoiced Defendant for the goods delivered and received, and the amount charged by the Plaintiff, the sum of $55,440.00, was reasonable." In its conclusions of law, the trial Court said there was a valid contract for the sale and purchase of goods and material between the Plaintiff and the Defendant, and that the contract between Plaintiff and Defendant is not set out in any one instrument but, rather, is embodied in a series of documents passing between the Plaintiff and the Defendant. There is no finding of a written contract, and these conclusions by the trial Court are not that there was a "written contract" within the meaning of Article 5069—1.03.

In the absence of a "written contract ascertaining the sum payable," Plaintiff cannot recover interest under Article 5069—1.03. *T J Service Company v. Major Energy Company, Inc.,* 552 S.W.2d 598 (Tex.Civ. App.—Corpus Christi 1977, writ ref'd n. r. e.); *Matador Sales Company, Inc. v. Wells Companies,* 583 S.W.2d 679 (Tex.Civ.App.— Houston [14th Dist.] 1979, no writ).

■ Plaintiff seeks to apply Section 2.207 of the Tex.Bus. & Comm.Code Ann. (1968); under that provision proposals for additions to an original contract between merchants become a part of the contract, under certain circumstances, unless within a reasonable time the recipient of the proposal voices an objection. Assuming the conditions of Section 2.207 are present here, we do not regard such a contract, created by operation of law or acquiescence, as being the "written contract" called for by Article 5069—1.03. As noted earlier, the transactions between the parties here were not set out by the parties in a written contract; to the contrary, the nature of Plaintiff's cause of action is one whereby title to personal property passed from Plaintiff to Defendant, which created the relationship of debtor and creditor and caused the trial Court to conclude that the action was one on a sworn account. *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75 (1958), so defines sworn account. Clearly, the trial Court's allowance of interest from the time when each invoice is due is erroneous under the Supreme Court's holding in *Houston Sash and Door Company, Inc. v. Heaner,* 577 S.W.2d 217 (Tex.1979). The Supreme Court there held that the charging of interest on an open account during the interest-free period specified in Article 5069—1.03 constitutes interest in excess of double that allowed by Article 5069—1.01, and subjected the creditor to loss of the principal, twice the interest charge, and the debtor's reasonable attorney's fees as provided by Article 5069—1.06. Defendant here urges that this case is controlled by *Houston Sash and Door* in that this is a clear case of usury, and it is entitled to cancellation of the debt and award against Plaintiff of double the

amount of interest charged by the Plaintiff ($22,130.32), and reasonable attorney's fees, all as provided by Article 5069—1.06. In the case before us, the Defendant has not raised usury by its pleadings. In *Houston Sash and Door*, usury was specifically pled in a counterclaim seeking the penalties imposed by Article 5069—1.06. A plea of usury is available either as a defensive off-set or an affirmative action against the creditor based on an exaction of excess interest. *Wall v. East Texas Teachers Credit Union*, 533 S.W.2d 918 (Tex.1976). In the case before us, Defendant pled not for affirmative recovery but purely defensively, pleading that it did not owe any interest because there was no agreement to pay interest. That created the issue of whether there was interest owing or not, a purely defensive plea. A pleading that would simply negate any interest due is not sufficient to put Plaintiff on notice that the Defendant is claiming the elimination of the entire debt, an award to Defendant of double the interest charge, and attorney's fees. Rule 93, Tex.R.Civ.P., requires certain pleas to be specifically pled under oath. Usury is such a plea. *Scurlock v. Lovvorn*, 410 S.W.2d 525 (Tex.Civ.App.—Dallas 1966, no writ). In the *Houston Sash and Door* case, the Supreme Court noted that the statute (Article 5069—1.06) is of a penal nature and must be strictly construed. Our holding is that the Defendant's pleadings do not invoke Article 5069—1.06, and it is too late to raise the usury issue for the first time in motion for new trial and on appeal. It is settled and elementary law that an appeals court should not decide a case on a theory different from that on which it was pleaded and tried. *American Mutual Liability Insurance Company v. Parker*, 144 Tex. 453, 191 S.W.2d 844 (1945).

The trial Court's judgment allowed interest after judgment of ten percent. Since we have determined that there was no agreement to pay interest, the judgment is reformed to change the ten percent post-judgment interest to the statutory nine percent.

We reverse that portion of the judgment awarding Appellee $11,065.16 prejudgment interest, and the judgment is reformed by eliminating that amount. We further reform the judgment by changing its post-judgment interest from ten percent to nine percent.

We have considered Appellant's other points of error, and find that they present no reversible error and they are accordingly overruled.

As reformed, the judgment is affirmed.