Frank T. HOLLAND, Appellant,

v.

Conrad T. HAYDEN and Russell B. Hayden, Appellees.

No. 14-93-00875-CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 15, 1995.

Rehearing Overruled July 20, 1995.

Frank T. Holland, Katherine Butler, Houston, for appellant.

Gwen Richard, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

Frank T. Holland appeals the damages awarded against him in a legal malpractice action on the grounds that: (1) attorneys fees were awarded twice; (2) lost profits damages were speculative; and (3) the award of both punitive damages and Deceptive Trade Practice Act ("DTPA")[1] damages was improper. We affirm as modified below.

Appellees Conrad and Russell Hayden[2] sued appellant and his legal assistant, Leo

---

1. TEX.BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon 1987 & Supp.1995).

2. Russell is Conrad's son.

Stakemiller,[3] for damages caused by appellant's failure to answer a lawsuit filed against appellees, and his subsequent failure to overturn the resulting default judgment entered against appellees.

At trial, appellees submitted separate jury questions on common law negligence and DTPA, and both were answered affirmatively against appellant. In their motion for judgment on the verdict, appellees elected to recover actual damages under the DTPA and exemplary damages for gross negligence. The judgment awarded appellees actual damages, automatic treble damages and attorneys fees under the DTPA, and punitive damages for gross negligence.

Appellant's motions for judgment non obstante veredicto ("JNOV") and for new trial were denied.

In the first of his three points of error, appellant claims that the judgment improperly awarded attorney's fees to appellees twice.[4] Appellees dispute that the judgment awarded attorneys fees twice, and argue that appellant failed to preserve error on this point.

■ In order to preserve a complaint for appellate review, a party must present to the trial court a timely motion stating the specific grounds therefor. Tex.R.App.P. 52(a). A motion for new trial is an appropriate method of preserving error regarding an alleged defect in the final judgment. See Luna v. Southern Pacific Transp. Co., 724 S.W.2d 383, 384 (Tex.1987).[5] An objection at trial which is not the same as that urged on appeal presents nothing for review. Haryanto v. Saeed, 860 S.W.2d 913, 921 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (en banc).

■ In appellant's motion for new trial, the only complaint on the award of attorneys fees was that there was no evidence or insufficient evidence to support it. The motion for new trial made no mention of a double award of attorneys fees, as appellant now complains on appeal. Under these circumstances, we find that the motion for new trial did not adequately apprise the trial court of the asserted error to afford a reasonable opportunity to correct it. Accordingly, error was not preserved on this issue, and point of error one is overruled.

In his second point of error, appellant argues that there was no evidence or, in the alternative, insufficient evidence of lost profits damages. Appellees contend that appellant also failed to preserve error on this point.

■ There are five ways to preserve a "no evidence" point: (1) a motion for instructed verdict; (2) a motion for JNOV; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard the jury's answer; or (5) a motion for new trial. Steves Sash & Door Co. v. Ceco Corp., 751 S.W.2d 473, 475 (Tex.1988).

■ In the verdict here, lost profits were awarded in response to questions number 22 and 24. In appellant's motion for JNOV, the only reference to these questions or lost profits was a contention that there was no evidence on which to base submission of jury questions 6–32. We find that this global assertion was not adequate to preserve error on this issue.

In appellant's motion for new trial, the award of lost profits was not specifically challenged as being "speculative." However, the motion stated:

Hayden testified he thought he lost money, and future business as a result of being sued by ARA, made the basis of this case.

Plaintiff's attorney failed to introduce business records, including profit and loss statements, income tax returns to substantiate his position that he had made a profit

---

3. The portion of the judgment finding liability and assessing damages against Stakemiller is not challenged on appeal.

4. The judgment listed various items of damages, including $25,588.20 of attorneys fees, to reach a total of $132,658.90. Farther down, the judgment ordered appellant and Stakemiller to pay the following three amounts: (1) $132,658.90 in actual damages; (2) $90,000.00 in punitive damages; and (3) $25,588.20 in attorney's fees.

5. Alternatively, a motion to modify, correct, or reform a judgment can be filed pursuant to Tex. R.Civ.P. 329b(g).

before being sued, and such tax returns to show substantial loss during 1989, after a Default Judgment was taken against him. Further, to subpoena impartial expert witnesses to give their opinion when provided with the same facts the plaintiffs have alleged in their lawsuit.

Consequently, Plaintiff's [sic] failed to put on any evidence, or insufficient evidence to support the Jury's award of damages in this case.

Although the issue is close, these statements can be read to assert that the award of lost profits was unsubstantiated by objective proof, and were, thus, speculative. Accordingly, we find that error was preserved on this point in accordance with TEX.R.APP.P. 52(a), and proceed to consider it on the merits.

In determining a "no evidence" point, we must consider only the evidence and reasonable inferences therefrom that tend to support the jury findings, disregarding all contrary evidence and inferences. *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (Tex.1990).

While recovery of lost profits does not require the loss to be susceptible to exact calculation, the amount of the loss must be shown by competent evidence, with reasonable certainty. *Texas Instruments v. Teletron Energy Management, Inc.*, 877 S.W.2d 276, 279 (Tex.1994). At a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits may be ascertained. *Holt Atherton Ind., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex.1992).

The distinguishing feature between Texas cases permitting and denying recovery for lost profits is reliance upon routinely kept business records produced in court to show an evaluation of the business' decreased profitability based upon objective facts, figures and data, and not upon the subjective opinions of interested parties. *Automark of Texas v. Discount Trophies*, 681 S.W.2d 828, 830 (Tex.App.—Dallas 1984, no writ).

In support of his claim for lost profits here, Conrad Hayden testified that he was unable to expand his service station into a convenience store because he had to use his savings to pay off the default judgment rendered against him. He further testified that the expansion "would have increased our income tremendously," and "would have probably quadrupled our daily output as far as inventory goes." He also stated that the profit from the store was about $50 per day or about $18,000 per year, and that the expansion would at least quadruple that amount to $72,000 per year.[6]

In substance, however, this testimony was merely speculation that if Mr. Hayden had been able to expand his service station into a convenience store, he would have had four times as much inventory, and, therefore, four times as much sales and profit. He offered no *objective* information to support this projection. He did not, for example, show how much the expansion and additional inventory would cost, or how he would finance it. Nor did he give any basis to conclude that the additional inventory would necessarily translate into proportionately higher sales, or that the margin of profit would be as great after the expansion as before.[7]

Under these circumstances, the jury had no objective basis on which to evaluate whether a profit would indeed have been earned, and, if so, the amount. Instead, it had only the subjective and conclusory opinion of an interested party, which, without any objective basis, could have just as easily been set much higher or lower. Any determination of damages based on such evidence would necessarily be arbitrary. Therefore, this evidence was legally insufficient to support an award of lost profits. Appellant's second point of error is sustained.

---

**6.** Based on this testimony, the jury awarded appellees $70,000.00 in past lost profits.

**7.** In addition, Conrad Hayden testified that at the time the default judgment was rendered against him, the transaction to purchase the land had not yet closed. There was no evidence that other requisites to closing had been satisfied, or that the money used to pay the default judgment could not have been replaced, such as with borrowed funds.

 In his third point of error, appellant claims that punitive damages for gross negligence and actual damages under the DTPA could not be awarded for the same act by appellant.[8] Once more, appellees contend that this point was not preserved in the court below.

Upon a careful reading of appellant's 21–page motion for new trial,[9] we find several complaints that the evidence was insufficient to support the jury's verdict, including the awards of DTPA damages and punitive damages, respectively. However, we can find no challenge on the grounds that both could not be included in the judgment. Again, we are without a basis to conclude that the trial court was adequately apprised of the asserted error to have a reasonable opportunity to correct it. Accordingly, point of error three is not properly before us for review, and is overruled.

We therefore REFORM the portion of the trial court's judgment awarding damages against appellant to:

(1) award no damages for lost profits;

(2) recalculate any statutory damages, if necessary, based on the amount of actual damages, as reformed; and

(3) recalculate the amount of attorneys fees, based on the amount of damages, as reformed.[10]

The remainder of the trial court's judgment is affirmed.

8. Where a defendant's negligent act and DTPA violation are both the proximate cause of the same damages, an award of both exemplary damages and statutory treble DTPA damages amounts to a double recovery of punitive damages. *Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361, 367 (Tex.1987). In that event, the plaintiff may elect which recovery to receive, or, failing such an election, the court should utilize the findings affording the greater recovery and render judgment accordingly. *Id.*

We have neither been cited nor have we found a *Texas* opinion which directly addresses whether a plaintiff may pick and choose among damage elements arising under alternative theories of recovery. However, current statements of Texas law and a federal opinion suggest not. *See Boyce Iron Works v. S.W. Bell Tel.,* 747 S.W.2d 785, 787 (Tex.1988) (when a jury returns favorable findings on two or more alternative theories of recovery, the party has a right to judgment on the *theory* which entitles him to the greatest recovery); *Custom Leasing, Inc. v. Texas Bank & Trust Co.,* 491 S.W.2d 869, 871 (Tex.1973) (when a party exercises an election in favor of one remedy, he abandons his right to recover under the other and is

precluded from resorting to it); *Cyrak v. Lemon,* 919 F.2d 320, 326 (5th Cir.1990) (a plaintiff is entitled to the greatest amount recoverable under any *single* theory of recovery pled, not to recovery of both actual damages under Securities Exchange Act Rule 10b–5 and punitive damages for common law tort under state law).

In this case, appellant apparently claims that appellee's damages were either all caused by the same act, or all of appellant's acts resulted in the same damages. Conversely, appellees acknowledged in their motion for judgment on the verdict that they were entitled to recovery on *either* negligence or DTPA, but nevertheless argue on appeal that each of those damages arose from different acts by appellant.

9. Appellant's motion for JNOV does not address this issue.

10. The jury question on attorneys fees asked for the fee to be stated as a percentage of the recovery. The jury answered 33 percent, and the amount awarded was equal to 33 percent of actual damages, excluding interest, punitive damages and attorneys fees.