NO. 07-03-0274-CR


 07-03-0275-CR

 07-03-0276-CR

 07-03-0277-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 7, 2003


______________________________




JOE D. HENDERSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,363-A; 45,823-A; 45,824-A; 45,825-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON ABATEMENT AND REMAND


 Appellant Joe D. Henderson has given pro se notice of appeal from convictions in
causes numbers 45,363-A, 45,823-A, 45,824-A and 45,825-A in the District Court of Potter
County, Texas (the trial court). The clerk of the court of appeals has received motions from
the trial court clerk and the court reporter requesting extensions of time for the filing of the
respective appellate records. Both motions reflect that no designation of record has been
received and no arrangement to pay for the records has been made. No appearance has
been made by any counsel for appellant on appeal. 

 In Texas, every person convicted of a crime has a statutory right to appeal. See
Tex. Crim. Proc. Code Ann. § 44.02 (Vernon 1979); Nguyen v. State, 11 S.W.3d 376,
378-79 (Tex.App.--Houston [14th Dist.] 2000, no pet.); Johnson v. State, 885 S.W.2d 641,
644 (Tex.App.--Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments of the
United States Constitution guarantee to a criminal defendant the right to counsel on a first
appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). An
attorney must be appointed by the state to represent an indigent defendant on the first
appeal. See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435, 108
S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988). In Texas, the trial court has been designated
to appoint the appellate attorney for an eligible indigent defendant. See Tex. Crim. Proc.
Code Ann. §§ 1.051(d)(1), 26.04(a). 

 These appeals are abated and the causes are remanded to the trial court. Upon
remand, the judge of the trial court is directed to cause notice to be given of and to conduct
a hearing to determine: (1) whether appellant desires to prosecute any or all of the
appeals; (2) if appellant desires to prosecute any or all of the appeals, then whether
appellant is indigent; (3) if appellant is indigent and desires to prosecute any or all of the
appeals, whether counsel should be appointed for appeal; and (4) what orders, if any,
should be entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeals if appellant does not desire to prosecute any of the appeals, or, if
appellant desires to prosecute any of the appeals, to assure that the appeals will be
diligently pursued. If the trial court determines that counsel should be appointed for any
or all of the appeals, the trial court should cause the clerk of this court to be furnished the
name, address, and State Bar of Texas identification number of the appointed attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record of the hearing; and (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the reporter's record of the hearing. In the absence of a
request for extension of time from the trial court, the supplemental clerk's record, reporter's
record of the hearing, and any additional proceeding records, including any orders, findings
conclusions and recommendations, are to be sent so as to be received by the clerk of this
court not later than August 29, 2003. 

 Per Curiam


Do not publish.





e $200,000. By its judgment, the trial court set
aside the trustee's deeds of June 1, 1999 and August 3, 1999, and ordered that Williamson
recover $125,000 plus accrued interest, and Betty Cook be awarded $75,000 plus accrued
interest. 

 We first note the rules applicable to our review of this appeal. As a court of appeals,
we may not reverse a trial court's judgment in the absence of properly assigned error. See
San Jacinto River Authority v. Duke, 783 S.W.2d 209, 210 (Tex. 1990). It is well settled that
an appellate court should not decide a case on a theory different from that on which it was
plead and tried. American Mut. Liability Ins. v. Parker, 144 Tex. 453, 191 S.W.2d 844, 848
(1945) (on reh'g); El Paso Environ. Systems v. Filtronics, 609 S.W.2d 810, 813
(Tex.Civ.App.--El Paso 1980, writ ref'd n.r.e.). Pleadings frame the issues for
determination. See Murray v. O & A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982). Thus,
we will consider the issues raised by written pleadings and in the context of the theory on
which the case was tried. 

 Addressing Williamson's issues in a logical rather than sequential order, we first
consider points four and nine, (3) by which he asserts error in the submission of question three
and point six, by which he asserts trial court error in denying his requested six issues. (4) 
Williamson suggests that question three should have been submitted as per his question
six, to-wit: what sum of money is owed to Williamson by the Cooks on the note in question. 
We disagree.

 Under Rules 277 and 278 of the Texas Rules of Civil Procedure, the trial court shall
submit the questions to the jury upon broad form questions which are raised by the written
pleadings and the evidence. Submission of questions is a matter within the discretion of
the trial court and its discretion is subject only to the requirement that the questions
submitted must (1) control the disposition of the case, (2) be raised by the pleadings and
the evidence, and (3) properly submit the disputed issues for the jury's determination. See
Lee-Wright, Inc. v. Hall, 840 S.W.2d 572, 577 (Tex.App.--Houston [1st Dist.] 1992, no writ);
Lesser v. Allums, 918 S.W.2d 81, 87 (Tex.App.--Beaumont 1996, no writ). 

 Because the amount owing on the promissory note was not raised by the written
pleadings of either party, the trial court did not err in denying the six issues requested by
Williamson. Dion v. Ford Motor Co., 804 S.W.2d 302, 310 (Tex.App.--Eastland 1991, writ
denied). Williamson does not present any legal authority governing the allocation of
insurance proceeds in this type situation. Moreover, in the absence of evidence to show
the terms of the settlement agreement with the insurance company upon which the funds
were tendered into court and the absence of pleadings stating the claims of the parties, we
are unable to hold the trial court abused its discretion in submitting question three as
submitted. Points of error four, six, and nine are overruled.

 By point five, Williamson contends the trial court erred in entering judgment based
upon the jury's findings to special issues because the evidence is factually insufficient to
support the jury's findings to all of the issues submitted. Although the point was presented,
it is not developed nor argued in the body of the brief. Accordingly, his contention is waived. 
Warehouse Partners v. Gardner, 910 S.W.2d 19, 26 (Tex.App.--Dallas 1995, writ denied);
Howell v. T S Communications, Inc., 130 S.W.3 515, 518 (Tex.App.--Dallas 2004, no pet.). 
Point of error five is overruled.

 By his remaining points one, two, three, seven, and eight, Williamson contends there
was no evidence, or alternatively, the finding was against the great weight and
preponderance of the evidence that he claimed excessive demands in connection with the
private foreclosures sales in June and August 1999, or that he refused to accept the pay-off. 

 Williamson did not, by special exception or otherwise, challenge the sufficiency of
the Cooks' pleading to raise sufficient grounds, which according to substantive law, would
be sufficient to authorize the trial court to set aside the trustee's deeds. (5) Here, Williamson
does not challenge the trial court's action in setting aside the trustee's deeds nor submit any
legal authority to support any argument that the trial court erred in doing so. Accordingly,
since question three was not conditionally submitted, the answers to questions one and two
do not have any application to the division of the $200,000. 

 Moreover, before we may reverse a judgment and order a new trial we must find that
the error complained of amounted to such a denial of Williamson's rights as was reasonably
calculated to cause and probably did cause the rendition of an improper judgment or
prevented him from presenting the case on appeal. Tex. R. App. P. 44.1. In Dennis v.
Hulse, 362 S.W.2d 308, 309 (Tex. 1962), the Court held that an appellant must show the
error probably did cause the rendition of an improper judgment. See also Knight v. Hicks,
505 S.W.2d 638, 644 (Tex.App.--Amarillo 1974, writ re'fd n.r.e.); Aquamarine Associates
v. Burton Shipyard, 645 S.W.2d 477, 482 (Tex.App.--Beaumont 1982), aff'd, 659 S.W.2d
820 (Tex. 1983). In Lorusso v. Members Mut. Ins. Co., 603 S.W.2d 818, 820 (Tex. 1980),
the Court held that the harmless error rule applies to all errors in that it draws no distinction
as to the type of errors involved in its requirement for reversal. Notwithstanding Rule 44.1
and the applicable cases, Williamson does not present a challenge to the trial court's action
in setting aside the trustee's deeds or otherwise demonstrate that any alleged error was
reversible. Accordingly, points one, two, three, seven, and eight are overruled.

 Having overruled all of Williamson's points, the judgment of the trial court is affirmed.

 Per Curiam



Johnson, C.J., not participating.



1. The parties do not provide any information regarding the settlement with the
insurance company on the fire loss. Moreover, the record does not include the terms of the
settlement between the parties and the insurance company or any pleadings, orders, or
other information regarding the deposit of $200,000 into court or conflicting claims thereto. 
2. Question One. Were the amounts being claimed by Williamson at the time of the
foreclosure sales on June 1, 1999 and August 3, 1999 excessive?


 Question Two. Did Williamson refuse to accept the pay-off amount of $122,104.57
in April or May of 1999?


 Question Three. What is the fair division of the $200,000.00 insurance settlement
money?
3. Issue nine is the same as issue four.
4. Six issues summarized as

 1. Do you find that the Cooks were not in default?

 2. and 3. Do you find that the Cooks were not in default of any obligation or
covenant owed to Williamson at the time of the two foreclosures?

 4. and 5. Did Williamson make an excessive demand on August 3, 1999 and
May 1999?

 6.What sum of money is owed to Williamson by the Cooks?
5. Because the record does not show that any exceptions were brought to the attention
of the trial judge per Tex. R. Civ. P. 90, any defects in the pleadings were waived.