NO. 07-03-0210-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 25, 2005

_____

JIMMIE WILLIAMSON, ET AL., APPELLANTS

V.

BETTY COOK AND DENNIS COOK, APPELLEES

_____

FROM THE DISTRICT COURT OF JASPER COUNTY;

NO. 21,314; HONORABLE JOE BOB GOLDEN, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellants Jimmie Williamson, his wife Mary Williamson, and Gary Gatlin, trustee (collectively Williamson) challenge the trial court's judgment setting aside two trustee's deeds on private foreclosures dated June 1, 1999 and August 3, 1999, and awarding

Williamson the sum of $125,000 and appellees Betty Cook and Dennis Cook $75,000 from $200,000 in fire insurance proceeds tendered to the clerk of the court. By points one, two, three, and four, Williamson contends the trial court erred in submitting questions one, two, and three. By his remaining points, he contends 5) the evidence was factually insufficient to support the jury findings to all the points, 6) the trial court erred in refusing his requested questions 1 through 6; 7) there was no evidence to show that he did not demand any excessive amounts from the Cooks, 8) there was no evidence that he refused to accept the pay-off amount of $122,104.57 in April or May 1999, and 9) there was no evidence for the court to render judgment based upon the "fair" division of the $200,000 insurance proceeds. We affirm.

On February 17, 1995, the Cooks executed a promissory note in the amount of $117,000 payable to Jimmie Elwin Williamson and Mary Eilene Williamson in monthly installments with a final balloon payment. Payment of the note was secured by a vendor's lien and deed of trust. When the Cooks were unable to make the payments, the parties agreed they would sign a new note for $115,835.66. However, the Cooks defaulted on the new note. After the posting of a notice of foreclosure and filing of bankruptcy by the Cooks, Williamson commenced efforts to collect the balance by private foreclosure or otherwise. During this phase, Dennis Cook converted his chapter 13 bankruptcy to a chapter 7 proceeding. On June 1, 1999, the trustee executed a deed upon private foreclosure conveying the undivided interest of Dennis Cook to Williamson. Then, on August 3, 1999,

the trustee executed a deed upon private foreclosure conveying the undivided one-half interest in the property of Betty Cook to Williamson.

After the August 3 trustee's sale, the Cooks filed an original petition to set aside the two trustee's sales and sought a declaration that no default existed. Among other things, they alleged the parties had agreed the Cooks would be given time to obtain other financing and were not in default. Before Williamson filed his answer, the residence on the property was totally destroyed by a fire on October 17, 1999. Williamson answered by general denial but did not seek affirmative relief nor allege any defenses. After a question of arson was settled, the fire insurance company interplead $200,000 subject to judgment of the court.[1] Thereafter, neither party amended nor supplemented their pleadings to state claims for relief or address the appropriate disposition of the insurance proceeds.

After presentation of the evidence, the trial court denied Williamson's six requested issues and submitted three questions to the jury.[2] The jury found (1) the amounts claimed

---

[1]The parties do not provide any information regarding the settlement with the insurance company on the fire loss. Moreover, the record does not include the terms of the settlement between the parties and the insurance company or any pleadings, orders, or other information regarding the deposit of $200,000 into court or conflicting claims thereto.

[2] Question One. Were the amounts being claimed by Williamson at the time of the foreclosure sales on June 1, 1999 and August 3, 1999 excessive?

Question Two. Did Williamson refuse to accept the pay-off amount of $122,104.57 in April or May of 1999?

Question Three. What is the fair division of the $200,000.00 insurance settlement money?

3

by Williamson were excessive, (2) Williamson refused to accept a pay-off of $122,104.57 in April or May 1999, and (3) disbursement of $75,000 to Betty Cook and $125,000 to Williamson would be "the fair division" of the $200,000. By its judgment, the trial court set aside the trustee's deeds of June 1, 1999 and August 3, 1999, and ordered that Williamson recover $125,000 plus accrued interest, and Betty Cook be awarded $75,000 plus accrued interest.

We first note the rules applicable to our review of this appeal. As a court of appeals, we may not reverse a trial court's judgment in the absence of properly assigned error. *See* San Jacinto River Authority v. Duke, 783 S.W.2d 209, 210 (Tex. 1990). It is well settled that an appellate court should not decide a case on a theory different from that on which it was plead and tried. American Mut. Liability Ins. v. Parker, 144 Tex. 453, 191 S.W.2d 844, 848 (1945) (on reh'g); El Paso Environ. Systems v. Filtronics, 609 S.W.2d 810, 813 (Tex.Civ.App.--El Paso 1980, writ ref'd n.r.e.). Pleadings frame the issues for determination. *See* Murray v. O & A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982). Thus, we will consider the issues raised by written pleadings and in the context of the theory on which the case was tried.

Addressing Williamson's issues in a logical rather than sequential order, we first consider points four and nine,[3] by which he asserts error in the submission of question three

---

[3]Issue nine is the same as issue four.

4

and point six, by which he asserts trial court error in denying his requested six issues.[4] Williamson suggests that question three should have been submitted as per his question six, to-wit: what sum of money is owed to Williamson by the Cooks on the note in question. We disagree.

Under Rules 277 and 278 of the Texas Rules of Civil Procedure, the trial court shall submit the questions to the jury upon broad form questions which are raised by the written pleadings and the evidence. Submission of questions is a matter within the discretion of the trial court and its discretion is subject only to the requirement that the questions submitted must (1) control the disposition of the case, (2) be raised by the pleadings and the evidence, and (3) properly submit the disputed issues for the jury's determination. *See* Lee-Wright, Inc. v. Hall, 840 S.W.2d 572, 577 (Tex.App.--Houston [1st Dist.] 1992, no writ); Lesser v. Allums, 918 S.W.2d 81, 87 (Tex.App.--Beaumont 1996, no writ).

Because the amount owing on the promissory note was not raised by the written pleadings of either party, the trial court did not err in denying the six issues requested by Williamson. Dion v. Ford Motor Co., 804 S.W.2d 302, 310 (Tex.App.--Eastland 1991, writ denied). Williamson does not present any legal authority governing the allocation of

---

[4]Six issues summarized as
1.  Do you find that the Cooks were not in default?
2. and 3.  Do you find that the Cooks were not in default of any obligation or covenant owed to Williamson at the time of the two foreclosures?
4. and 5. Did Williamson make an excessive demand on August 3, 1999 and May 1999?
6.What sum of money is owed to Williamson by the Cooks?

insurance proceeds in this type situation. Moreover, in the absence of evidence to show the terms of the settlement agreement with the insurance company upon which the funds were tendered into court and the absence of pleadings stating the claims of the parties, we are unable to hold the trial court abused its discretion in submitting question three as submitted. Points of error four, six, and nine are overruled.

By point five, Williamson contends the trial court erred in entering judgment based upon the jury's findings to special issues because the evidence is factually insufficient to support the jury's findings to all of the issues submitted. Although the point was presented, it is not developed nor argued in the body of the brief. Accordingly, his contention is waived. Warehouse Partners v. Gardner, 910 S.W.2d 19, 26 (Tex.App.--Dallas 1995, writ denied); Howell v. T S Communications, Inc., 130 S.W.3 515, 518 (Tex.App.--Dallas 2004, no pet.). Point of error five is overruled.

By his remaining points one, two, three, seven, and eight, Williamson contends there was no evidence, or alternatively, the finding was against the great weight and preponderance of the evidence that he claimed excessive demands in connection with the private foreclosures sales in June and August 1999, or that he refused to accept the pay-off.

Williamson did not, by special exception or otherwise, challenge the sufficiency of the Cooks' pleading to raise sufficient grounds, which according to substantive law, would

be sufficient to authorize the trial court to set aside the trustee's deeds.[5] Here, Williamson does not challenge the trial court's action in setting aside the trustee's deeds nor submit any legal authority to support any argument that the trial court erred in doing so. Accordingly, since question three was not conditionally submitted, the answers to questions one and two do not have any application to the division of the $200,000.

Moreover, before we may reverse a judgment and order a new trial we must find that the error complained of amounted to such a denial of Williamson's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment or prevented him from presenting the case on appeal. Tex. R. App. P. 44.1. In Dennis v. Hulse, 362 S.W.2d 308, 309 (Tex. 1962), the Court held that an appellant must show the error probably did cause the rendition of an improper judgment. *See also* Knight v. Hicks, 505 S.W.2d 638, 644 (Tex.App.--Amarillo 1974, writ re'fd n.r.e.); Aquamarine Associates v. Burton Shipyard, 645 S.W.2d 477, 482 (Tex.App.--Beaumont 1982), *aff'd*, 659 S.W.2d 820 (Tex. 1983). In Lorusso v. Members Mut. Ins. Co., 603 S.W.2d 818, 820 (Tex. 1980), the Court held that the harmless error rule applies to all errors in that it draws no distinction as to the type of errors involved in its requirement for reversal. Notwithstanding Rule 44.1 and the applicable cases, Williamson does not present a challenge to the trial court's action in setting aside the trustee's deeds or otherwise demonstrate that any alleged error was reversible. Accordingly, points one, two, three, seven, and eight are overruled.

---

[5]Because the record does not show that any exceptions were brought to the attention of the trial judge per Tex. R. Civ. P. 90, any defects in the pleadings were waived.

7

Having overruled all of Williamson's points, the judgment of the trial court is affirmed.

Per Curiam

Johnson, C.J., not participating.