NO. 07-05-0056-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 19, 2005

______________________________

THE STATE OF TEXAS, APPELLANT

V.

WELLS FARGO BANK, N.A., APPELLEE

_________________________________

FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY;

NO. GV400350; HONORABLE MARGARET A. COOPER, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Presenting two issues, on behalf of the Texas Comptroller of Public Accounts, the State contends that following a non-jury trial, the trial court erred in denying it any recovery on the written Assignment of Security for Texas Tax/Fee for the Mixed Beverage Gross Receipts Tax (chapter 183 of the Texas Tax Code) against Wells Fargo Bank.   By its cross-appeal, Wells Fargo presents two issues by which it contends the trial court erred in awarding attorney’s fees and costs to the State.  We affirm.

TM Club, Inc., a taxpayer, opened a savings account in the amount of $35,000 with Wells Fargo Bank.  In order to post security for its mixed beverage tax liability, on  November 2, 2001, TM Club, as assignor, executed a written instrument per the official form of the Comptroller
(footnote: 1) entitled Assignment of Security for Texas Tax/Fee covering the account by which it irrevocably assigned and set over to the Comptroller all of its right, title, claim, and interest of whatever nature of TM Club in and to the referenced savings account.
(footnote: 2)   Then, an officer of Wells Fargo executed the portion of the form by which Wells Fargo acknowledged receipt of notice of the assignment.  As material here, among other things, Wells Fargo agreed to act as sole agent for the purpose of holding the security for the comptroller’s exclusive use and agreed not to release or make any payment of the security except in accordance with the written instructions of the Comptroller.  Also, Wells Fargo agreed not to exercise any set of rights it may have with respect to the security or to otherwise impede, hinder, delay, prevent, obstruct, or interfere with the Comptroller’s right to promptly collect the security.

After TM Club became delinquent in payment of its tax, on January 25, 2002, the Comptroller sent Wells Fargo a notice of freeze in the amount of $4,978.47 for its assets held for TM Club.
(footnote: 3)  Then, on February 7, 2002, the Comptroller sent a notice of levy for $4,965.46 to Wells Fargo.  The notice instructed Wells Fargo, “this levy does not extend to accounts, if any, now assigned as security by the taxpayer to the Comptroller.”  Wells Fargo then tendered its check in the amount of $4,965.46.  Thereafter, the Comptroller continued to experience difficulty in collecting the tax and over the next two years, TM Club became delinquent at least four more times in payment of the tax prompting additional freezes, levies, releases, and remittances by Wells Fargo.  However, unknown to the Comptroller, Wells Fargo paid the prior levies by withdrawals from the $35,000 assigned savings account. 

The State sued TM Club for delinquent mixed beverage tax and obtained a judgment on June 24, 2004, in the amount of $196,153.42.  This suit was filed to recover its $35,000 security account, attorney’s fees, and court costs.  On the eve of trial, Wells Fargo tendered its check for $6,138.29, which reduced the State’s claim to $28,861.71.  Before we address the State’s issues, we first consider the appropriate standard of review.

Standard of Review

Rule 296 of the Texas Rules of Civil Procedure provides for requests for findings of fact and conclusions of law in any case.   Where, as here, neither party requested findings of fact and conclusions of law and a reporter’s record has been provided, we presume the trial court found all fact questions in support of its judgment and must affirm the judgment on any legal theory supported by the pleadings and evidence. Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987).  When a reporter’s record has been provided, the implied findings may be challenged for legal and factual insufficiency “the same as jury findings or a trial court’s findings of fact.”  Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989).  In that regard, when making a legal sufficiency determination, we consider only the evidence most favorable to the implied findings of fact and disregard all contradictory evidence.  Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980).  In considering whether the evidence is factually sufficient to support the implied findings, we consider and weigh all the evidence, including any evidence contrary to the trial court’s judgment. 
 Id. 

      By its trial pleadings, the State sought judgment in the amount of $35,000 alleging breach of contract and conversion.  In addition, the State sought attorney’s fees per section  2107.006 of the Texas Government Code.  In response, although candidly acknowledging that it did not notify the Comptroller of the depletion of the security before the Comptroller’s written demand of July 9, 2003,
(footnote: 4) Wells Fargo pleaded payment and offset, the statute of limitations, and the demand for $35,000 was without regard to the amount of actual damages.  The State did seek to recover upon agency grounds and did not challenge or question any of Wells Fargo’s defenses by special exception.
(footnote: 5) 

By its first issue, the State contends Wells Fargo breached its contract, and by its second issue, contends Wells Fargo committed conversion which damaged the Comptroller.  We disagree and consider the issues together.

The issues for determination were framed by the pleadings of the parties.  Murray v. O & A Express, Inc., 630 S.W.2d 633 (Tex. 1982).  Under Rule 94 of the Texas Rules of Civil Procedure, payment is an affirmative defense.  Similarly, offset is an affirmative defense and Wells Fargo had the burden to plead and prove facts to support its pleas of  payment or offset.  Rauscher Pierce Refsnes  v. Greater Southwest, 923 S.W.2d 112, 117 (Tex.App.--Houst
on [14th Dist.] 1996, no writ).  Here, because the State did not challenge the applicability of the affirmative defense of payment or offset by special exception, any contention that either defense would not lie was waived.  
See
 Tex. R. Civ. P. 90; J.K. & Susie L. Wadley Research Inst. v. Beeson, 835 S.W.2d 689, 693 (Tex.App.--Dallas 1992, writ denied); National Farmers Union Prop. v. Degollado, 844 S.W.2d 892, 900 (Tex. App.–Austin 1992, writ denied).  The object of set-off is to adjust the demands between the parties and allow a recovery of only the balance that is due.  Anderson v. Vinson Exploration, Inc., 832 S.W.2d 657, 666-667 (Tex.App.--El Paso 1992, no writ).  Because the demands were mutual and between the same parties, and the evidence supports an implied finding that Wells Fargo paid the money to the Comptroller, based on the pleadings  and the evidence, we conclude the trial court did not err rendering judgment that the State take nothing on its suit.  The State’s two issues are overruled.

Attorney’s Fees

By its cross-appeal, Wells Fargo contends the trial court erred in awarding the State $11,700 in attorney’s fees because (1) the State neither prevailed at trial nor recovered damages, and (2) the State’s pretrial demand for $35,000 in damages was excessive.   For the reasons explained below, these issues present nothing for review and are overruled.

In order to preserve a complaint for appellate review, the record must show the appellant presented an objection in the trial court.  
See
 Tex. R. App. P. 33.1(a); 
see also 
Williamson v. New Times, Inc., 980 S.W.2d 706, 711 (Tex.App.--Fort Worth 1998, no pet.).  Predicates for complaints on appeal must be preserved by motion, exception, objection, or some other vehicle in the trial court.  PGP Gas Products, Inc. v. Fariss, 620 S.W.2d 559, 560 (Tex. 1981).  A motion for new trial is the appropriate method of preserving an error regarding a defect in a final judgment.  Holland v. Hayden, 901 S.W.2d 763, 765 (Tex.App.--Houston [14th Dist.] 1995, writ denied).  Further, a contention that the trial court erred in awarding attorney’s fees may not be raised for the first time on appeal.  Landscape Design v. Harold Thomas Excavating,  604 S.W.2d 374, 378 (Tex.Civ.App.--Dallas 1980, writ ref’d n.r.e).  
See also
 Elite Towing, Inc. v. LSI Financial Group, 985 S.W.2d 635, 644 (Tex.App.--Austin 1999, no pet.).  Here, however, because Wells Fargo did not present its contention that the award of attorney’s fees to the State was erroneous and obtain a ruling by motion for new trial or otherwise, the contention is not preserved for our review.  Wells Fargo’s issues are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis  

     Justice

 
          

FOOTNOTES
1:
The instrument described the account by number, amount of the deposit, and identified the financial institution as Wells Fargo Bank, Austin, Texas. 

2:
The form also provided, “This is notification by the ASSIGNOR to the financial institution of the terms of this assignment.”

3:
The notice of freeze instructed the bank to not transfer or dispose of any assets belonging to the taxpayer for a period of 60 days.  
See
 Tex. Tax Code Ann. § 111.021(d)(2).

4:
The case was submitted to the trial court with 30 stipulations of fact and copies of documents; however, no testimony was presented.

5:
Because an appeals court should not decide a case on a theory different from that on which it was plead and tried, we will consider the issues in the context of the theory on which the case was tried in the trial court and on issues that were preserved and presented for review.  American Mut. Liability Ins. Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844, 848  (1945); El Paso Environ Systems v. Filtronics, 609 S.W.2d 810, 813 (Tex.Civ.App.--El Paso 1980, writ ref’d n.r.e.).