NO. 07-05-0056-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 19, 2005



______________________________




THE STATE OF TEXAS, APPELLANT



V.



WELLS FARGO BANK, N.A., APPELLEE




_________________________________



FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY;



NO. GV400350; HONORABLE MARGARET A. COOPER, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.


MEMORANDUM OPINION




 Presenting two issues, on behalf of the Texas Comptroller of Public Accounts, the
State contends that following a non-jury trial, the trial court erred in denying it any recovery
on the written Assignment of Security for Texas Tax/Fee for the Mixed Beverage Gross
Receipts Tax (chapter 183 of the Texas Tax Code) against Wells Fargo Bank. By its
cross-appeal, Wells Fargo presents two issues by which it contends the trial court erred in
awarding attorney's fees and costs to the State. We affirm.

 TM Club, Inc., a taxpayer, opened a savings account in the amount of $35,000 with
Wells Fargo Bank. In order to post security for its mixed beverage tax liability, on 
November 2, 2001, TM Club, as assignor, executed a written instrument per the official
form of the Comptroller (1) entitled Assignment of Security for Texas Tax/Fee covering the
account by which it irrevocably assigned and set over to the Comptroller all of its right, title,
claim, and interest of whatever nature of TM Club in and to the referenced savings
account. (2) Then, an officer of Wells Fargo executed the portion of the form by which Wells
Fargo acknowledged receipt of notice of the assignment. As material here, among other
things, Wells Fargo agreed to act as sole agent for the purpose of holding the security for
the comptroller's exclusive use and agreed not to release or make any payment of the
security except in accordance with the written instructions of the Comptroller. Also, Wells
Fargo agreed not to exercise any set of rights it may have with respect to the security or
to otherwise impede, hinder, delay, prevent, obstruct, or interfere with the Comptroller's
right to promptly collect the security.

 After TM Club became delinquent in payment of its tax, on January 25, 2002, the
Comptroller sent Wells Fargo a notice of freeze in the amount of $4,978.47 for its assets
held for TM Club. (3) Then, on February 7, 2002, the Comptroller sent a notice of levy for
$4,965.46 to Wells Fargo. The notice instructed Wells Fargo, "this levy does not extend
to accounts, if any, now assigned as security by the taxpayer to the Comptroller." Wells
Fargo then tendered its check in the amount of $4,965.46. Thereafter, the Comptroller
continued to experience difficulty in collecting the tax and over the next two years, TM Club
became delinquent at least four more times in payment of the tax prompting additional
freezes, levies, releases, and remittances by Wells Fargo. However, unknown to the
Comptroller, Wells Fargo paid the prior levies by withdrawals from the $35,000 assigned
savings account. 

 The State sued TM Club for delinquent mixed beverage tax and obtained a judgment
on June 24, 2004, in the amount of $196,153.42. This suit was filed to recover its $35,000
security account, attorney's fees, and court costs. On the eve of trial, Wells Fargo tendered
its check for $6,138.29, which reduced the State's claim to $28,861.71. Before we address
the State's issues, we first consider the appropriate standard of review.


Standard of Review


 Rule 296 of the Texas Rules of Civil Procedure provides for requests for findings of
fact and conclusions of law in any case. Where, as here, neither party requested findings
of fact and conclusions of law and a reporter's record has been provided, we presume the
trial court found all fact questions in support of its judgment and must affirm the judgment
on any legal theory supported by the pleadings and evidence. Point Lookout West, Inc. v.
Whorton, 742 S.W.2d 277, 278 (Tex. 1987). When a reporter's record has been provided,
the implied findings may be challenged for legal and factual insufficiency "the same as jury
findings or a trial court's findings of fact." Roberson v. Robinson, 768 S.W.2d 280, 281
(Tex. 1989). In that regard, when making a legal sufficiency determination, we consider
only the evidence most favorable to the implied findings of fact and disregard all
contradictory evidence. Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980). In
considering whether the evidence is factually sufficient to support the implied findings, we
consider and weigh all the evidence, including any evidence contrary to the trial court's
judgment. Id. 

 By its trial pleadings, the State sought judgment in the amount of $35,000 alleging
breach of contract and conversion. In addition, the State sought attorney's fees per section 
2107.006 of the Texas Government Code. In response, although candidly acknowledging
that it did not notify the Comptroller of the depletion of the security before the Comptroller's
written demand of July 9, 2003, (4) Wells Fargo pleaded payment and offset, the statute of
limitations, and the demand for $35,000 was without regard to the amount of actual
damages. The State did seek to recover upon agency grounds and did not challenge or
question any of Wells Fargo's defenses by special exception. (5) 

 By its first issue, the State contends Wells Fargo breached its contract, and by its
second issue, contends Wells Fargo committed conversion which damaged the
Comptroller. We disagree and consider the issues together.

 The issues for determination were framed by the pleadings of the parties. Murray
v. O & A Express, Inc., 630 S.W.2d 633 (Tex. 1982). Under Rule 94 of the Texas Rules
of Civil Procedure, payment is an affirmative defense. Similarly, offset is an affirmative
defense and Wells Fargo had the burden to plead and prove facts to support its pleas of 
payment or offset. Rauscher Pierce Refsnes v. Greater Southwest, 923 S.W.2d 112, 117
(Tex.App.--Houston [14th Dist.] 1996, no writ). Here, because the State did not challenge
the applicability of the affirmative defense of payment or offset by special exception, any
contention that either defense would not lie was waived. See Tex. R. Civ. P. 90; J.K. &
Susie L. Wadley Research Inst. v. Beeson, 835 S.W.2d 689, 693 (Tex.App.--Dallas 1992,
writ denied); National Farmers Union Prop. v. Degollado, 844 S.W.2d 892, 900 (Tex.
App.-Austin 1992, writ denied). The object of set-off is to adjust the demands between the
parties and allow a recovery of only the balance that is due. Anderson v. Vinson
Exploration, Inc., 832 S.W.2d 657, 666-667 (Tex.App.--El Paso 1992, no writ). Because
the demands were mutual and between the same parties, and the evidence supports an
implied finding that Wells Fargo paid the money to the Comptroller, based on the pleadings 
and the evidence, we conclude the trial court did not err rendering judgment that the State
take nothing on its suit. The State's two issues are overruled.

Attorney's Fees


 By its cross-appeal, Wells Fargo contends the trial court erred in awarding the State
$11,700 in attorney's fees because (1) the State neither prevailed at trial nor recovered
damages, and (2) the State's pretrial demand for $35,000 in damages was excessive. For
the reasons explained below, these issues present nothing for review and are overruled.

 In order to preserve a complaint for appellate review, the record must show the
appellant presented an objection in the trial court. See Tex. R. App. P. 33.1(a); see also
Williamson v. New Times, Inc., 980 S.W.2d 706, 711 (Tex.App.--Fort Worth 1998, no pet.). 
Predicates for complaints on appeal must be preserved by motion, exception, objection,
or some other vehicle in the trial court. PGP Gas Products, Inc. v. Fariss, 620 S.W.2d 559,
560 (Tex. 1981). A motion for new trial is the appropriate method of preserving an error
regarding a defect in a final judgment. Holland v. Hayden, 901 S.W.2d 763, 765 (Tex.App.--Houston [14th Dist.] 1995, writ denied). Further, a contention that the trial court erred in
awarding attorney's fees may not be raised for the first time on appeal. Landscape Design
v. Harold Thomas Excavating, 604 S.W.2d 374, 378 (Tex.Civ.App.--Dallas 1980, writ ref'd
n.r.e). See also Elite Towing, Inc. v. LSI Financial Group, 985 S.W.2d 635, 644 (Tex.App.--Austin 1999, no pet.). Here, however, because Wells Fargo did not present its contention
that the award of attorney's fees to the State was erroneous and obtain a ruling by motion
for new trial or otherwise, the contention is not preserved for our review. Wells Fargo's
issues are overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis 

 Justice

 

 

 
1. The instrument described the account by number, amount of the deposit, and
identified the financial institution as Wells Fargo Bank, Austin, Texas. 
2. The form also provided, "This is notification by the ASSIGNOR to the financial
institution of the terms of this assignment."
3. The notice of freeze instructed the bank to not transfer or dispose of any assets
belonging to the taxpayer for a period of 60 days. See Tex. Tax Code Ann. §
111.021(d)(2).
4. The case was submitted to the trial court with 30 stipulations of fact and copies of
documents; however, no testimony was presented.
5. Because an appeals court should not decide a case on a theory different from that
on which it was plead and tried, we will consider the issues in the context of the theory on
which the case was tried in the trial court and on issues that were preserved and presented
for review. American Mut. Liability Ins. Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844, 848 
(1945); El Paso Environ Systems v. Filtronics, 609 S.W.2d 810, 813 (Tex.Civ.App.--El Paso
1980, writ ref'd n.r.e.).